
DA 16-0765

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 173N

IN THE MATTER OF:

K.A.P. and A.R.P.,

        Youths in Need of Care.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause Nos. DN 15-097A and DN 15-099A
Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Shannon Hathaway, Montana Legal Justice, PLLC, Missoula, Montana

        For Appellee:

        Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

        Edward J. Corrigan, Flathead County Attorney, Anne Lawrence, Deputy
County Attorney, Kalispell, Montana

        Submitted on Briefs:  June 14, 2017

        Decided:  July 11, 2017

Filed:

_____
              Clerk

Justice Dirk M. Sandefur delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      M.P., the birth father of K.A.P. and A.R.P., appeals from the Montana Eleventh Judicial District Court's order terminating his parental rights.  M.P. asserts that the District Court's refusal to grant a continuance on the eve of the termination hearing violated his right to due process and deprived him of the fundamental right to parent his children.

¶3      At the time of the hearing, M.P. was incarcerated following his May 2016 arrest for assaulting the birth mother of K.A.P. and A.R.P.  He was sentenced to the Montana State Prison (MSP) for three years on June 16, 2016.  The Department of Public Health and Human Services (DPHHS) first notified M.P. of its intent to file a petition to terminate his parental rights on July 22, 2016, but it did not actually file the petition until August 15, 2016.  M.P. was served on August 18, 2016.  Upon DPHHS's motion, the District Court continued the termination hearing to September 16, 2016.  The day before the hearing, M.P.'s counsel filed a last-minute motion for a continuance on the asserted ground that she had not yet discussed the hearing with M.P.  The motion explained that counsel was unable to reach him despite multiple attempts to contact him through the Department of Corrections staff at his DOC Boot Camp placement.

2

¶4 The District Court took up the motion at the beginning of the scheduled hearing. In response to questions from the District Court, M.P.'s attorney verified that she had not communicated with M.P. since his transfer from the county detention center to MSP. The Montana DPHHS child protection specialist assigned to administer the youth in need of care case testified at the hearing that she could not verify counsel's claim that M.P. was placed in the Boot Camp program. The record contains no explanation of why participation in Boot Camp would render M.P. unable to respond to counsel's asserted contact attempts or why counsel could not sooner have sought relief from the court upon reasonable diligence.

¶5 The right to parent is a fundamental liberty interest protected by federal and Montana constitutional rights to due process. *In re L.V.-B.*, 2014 MT 13, ¶ 15, 373 Mont. 344, 317 P.3d 191 (citing U.S. Const. amend. XIV; *Troxel v. Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054, 2061 (2000)). In a proceeding to terminate parental rights, the State must provide the parent whose rights are at stake with reasonable notice and opportunity to be heard. *L.V.-B.*, ¶ 15. We review a district court's decision on whether to grant a continuance in an abuse and neglect action for an abuse of discretion. *In re H.E.*, 2002 MT 257, ¶ 25, 312 Mont. 182, 59 P.3d 29 (citing *In re R.F.*, 2001 MT 199, ¶ 24, 306 Mont. 270, 32 P.3d 1257). The court must "consider whether the movant has shown good cause and whether the continuance would be in the furtherance of justice." *H.E.*, ¶ 25 (citing *R.F.*, ¶ 24); *accord* § 25-4-503, MCA.

¶6 On appeal, M.P. does not fault the pre-hearing notice provided to him by the State in advance of the termination hearing, but asserts the District Court deprived him of due

process by declining to postpone the hearing. To justify the requested continuance, M.P. had to show good cause why he was unable to attend despite the sufficient advance notice afforded. *See* § 25-4-503, MCA. Through counsel who asserted that she had no contact with him, M.P. premised his showing of good cause on two asserted facts: first, that he was actually participating in the Boot Camp program, and second, that he was completely incommunicado in that placement. Even if the District Court accepted counsel's assertion as sufficient proof of the first fact, nothing in the record supports the second. M.P. failed to show good cause for the requested continuance. The District Court did not abuse its discretion in denying M.P.'s last-minute motion to continue the termination hearing. We affirm.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON